**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN CARLOS BAEZA SANTANO, an individual, on behalf of himself and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PALLETS, INC., an Illinois corporation, and SERGIO MALVAIS, an individual,<br><br>Defendants. | ) | Case No. 1:25-cv-15588 |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Juan Carlos Baeza Santano, on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, International Pallets, Inc., an Illinois corporation, and Sergio Malvais (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010, *et seq*., of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime compensation for hours worked over forty (40) in a workweek. Plaintiff and other similarly situated employees are current and former manual labor pallet assemblers for Defendants' pallet business.

2. Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Juan Carlos Baeza Santano ("Baeza") is a former employee of Defendants' International Pallet business with locations at 2525 S. Rockwell and 225 N. Justine in Chicago, Illinois. Plaintiff Baeza worked as a pallet assembler at Defendants' pallet business from approximately July 10, 2023 through November 14, 2024.

6. During the course of his employment, Plaintiff regularly used and handled goods and materials, including wood products, tools and equipment which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant International Pallets, Inc. ("International Pallets") is an Illinois corporation that operates the International Pallet business located at 2525 S. Rockwell and 225 N. Justine in Chicago, Illinois and is engaged in manufacturing and selling standard and customized pallets to commercial customers throughout Illinois and the Midwest region.

9. Defendant International Pallets is registered in Illinois as a corporation and its officers, registered agent and registered office are located within this judicial district.

10. Defendant International Pallets has earned more than $500,000 in annual gross revenue during 2023-2025.

11. Defendant Sergio Malvais ("Malvais") is the owner and of the International Pallet business and he is the President and Secretary of the business' operating entity, Defendant International Pallet, Inc.

12. At all times relevant to this action, Defendant Malvais possessed extensive oversight over the International Pallet business operations. Defendant Malvais was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of wage payment; and maintained employment records.

13. Defendant Malvais resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

14. During the period July, 2023 through November, 2024, Plaintiff Baeza regularly worked a five (5) or six (6) day per week schedule at Defendants' pallet business on South Rockwell Avenue in Chicago, Illinois including Monday through Friday from approximately 6:00 a.m. to 4:30 p.m., and Saturday from 6:00 a.m. to 12:30 p.m. Plaintiff typically did not work Sunday and he was allowed a thirty-minute meal break which was frequently cut short.

15. Based on his schedules, Plaintiff Baeza regularly worked at least fifty (50) to fifty-six (56) hours in individual workweeks from July, 2023 through November, 2024.

16. Defendants paid Plaintiff on a per diem basis in the amount of $166.66 per day, or $1,000 for a six-day workweek and $834.00 for a five-day workweek, without regard to the number of hours Plaintiff actually worked.

17. Defendants did not compensate Plaintiff, and other non-exempt pallet assemblers, at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in individual workweeks.

18. Defendants never paid Plaintiff, and other non-exempt pallet assemblers, an overtime premium when they worked more than forty (40) hours in a workweek.

19. Defendants paid all of Plaintiff's hours, including all of his overtime compensable hours, at his straight-time hourly rate of pay.

20. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-010 of the CMWO, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for the Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former pallet assemblers who worked for Defendants during the last three years before the filing of this suit.

22. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former pallet assemblers, have had substantially similar job descriptions, job requirements and pay rates.

23. Plaintiff and the other similarly situated pallet assemblers were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay overtime

compensation to pallet assemblers when they worked in excess of forty (40) hours in an individual workweek.

24. During the last three years before the filing of this suit, Defendants had a common policy, plan and practice of paying pallet assemblers at their straight-time rates of pay for all hours worked.

25. Defendants at all times failed to pay Plaintiff, and other similarly situated pallet assemblers, at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week.

26. Plaintiff's claim is substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

27. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

28. There are numerous similarly situated current and former pallet assemblers who worked for Defendants' International Pallets business and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

29. The similarly situated current and former pallet assemblers are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

30. Plaintiff hereby incorporates paragraphs 1 through 29 as though stated herein.

31. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

32. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 213.

33. During the course of Plaintiff's employment with Defendants, Defendants employed other pallet assemblers who were similarly not exempt from the overtime wage provisions of the FLSA.

34. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

35. Defendant International Pallets, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and Defendant operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

36. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt pallet assemblers worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

37. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

38. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff and other pallet assemblers were scheduled to work and regularly did work substantially more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying Plaintiff a per diem wage rate without regard to the actual number of hours worked. Additionally, Defendants failed to provide Plaintiff a pay stub or other record reflecting the hours he worked and otherwise violated the Act's record-keeping regulations.

**WHEREFORE**, the Plaintiff, Juan Carlos Baeza Santano, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, International Pallets, Inc., an Illinois corporation, and Sergio Malvais, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**

39. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

40. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

41. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

42. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

43. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

44. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Juan Carlos Baeza Santano, prays for a judgment against Defendants, International Pallets, Inc., an Illinois corporation, and Sergio Malvais, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Chicago Minimum Wage Ordinance – Overtime Wages**

45. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

46. Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 6-105-040.

47. Defendants were each an "employer" as defined in the CMWO § 6-105-010.

48. Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

49. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, Plaintiff, Juan Carlos Baeza Santano, prays for a judgment against Defendants, International Pallets, Inc., an Illinois corporation, and Sergio Malvais, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: December 23, 2025

Respectfully submitted,

Juan Carlos Baeza Santano,
on behalf of himself and all other plaintiffs
similarly situated, known and known,

Plaintiff,

/s/ Timothy M. Nolan

Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com